FILED
6/3/21 11:18 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| WILLIAM S. HUDIC | : | Case No. 19-22920-TPA |
| *Debtor(s)* | : | Chapter 13 |
| | : | |
| WILLIAM S. HUDIC | : | |
| *Movant*, | : | |
| | : | |
| v. | : | Related to Document No. 122 |
| | : | |
| NO RESPONDENT | : | |

## ORDER EMPLOYING SPECIAL COUNSEL

*AND NOW,* this *2nd* day of *June, 2021*, upon consideration of the *Motion for Order of Employment of Special Counsel*, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1)    Sean J. Carmody, Esq. and the law firm of Carmody & Ging, LLC, Deutschtown Center, 801 Vinial Street, 3rd Fl, Pittsburgh PA 15212 is hereby appointed as of February 23, 2021, as of the date of filing the *Motion*, as **Special Counsel** for the Estate/Debtor pursuant to the terms of $250.00 per hour with a $1,500 retainer as described in the Fee Agreement attached to the above referenced *Motion* for the limited purpose of acting as attorney in connection with a Workers' Compensation claim as referenced to in the foregoing *Motion*, **PROVIDED HOWEVER**, no settlement of any claim is to occur without prior Court Order after notice and hearing. *[Handwritten: Furthermore, fees are capped at $5,000 pending further Court order.]*

(2)    Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(3)    Approval of any motion for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a)*. Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. *Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.*

(4)    Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this *Order* does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

(5)    *Movant shall serve the within Order on all interested parties and file a certificate of service.*

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-22920-TPA |
| William S. Hudic | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: dkam | Page 1 of 2 |
| Date Rcvd: Jun 03, 2021 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 05, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | William S. Hudic, 119 2nd Street, Aspinwall, PA 15215-2939 |
| sp | + | Sean Carmody, Patberg, Carmody & Ging, Deutschtown Center, 801 Vinial Street, Third Floor Pittsburgh, PA 15212-5177 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 05, 2021              Signature:        /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 3, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Beth L. Slaby | on behalf of Defendant Dollar Bank  FSB bslaby@grenenbirsic.com, mcupec@grenenbirsic.com |
| Beth L. Slaby | on behalf of Creditor Dollar Bank  FSB bslaby@grenenbirsic.com, mcupec@grenenbirsic.com |
| Brian Nicholas | on behalf of Creditor Nissan Motor Acceptance Corporation bnicholas@kmllawgroup.com |
| Brian C. Thompson | on behalf of Debtor William S. Hudic bthompson@ThompsonAttorney.com blemon@thompsonattorney.com;bthompson@ecf.courtdrive.com;jcastello@thompsonattorney.com;kfinke@thompsonattorney.com |
| Brian C. Thompson | on behalf of Plaintiff William S. Hudic bthompson@ThompsonAttorney.com blemon@thompsonattorney.com;bthompson@ecf.courtdrive.com;jcastello@thompsonattorney.com;kfinke@thompsonattorney.co |

District/off: 0315-2     User: dkam     Page 2 of 2
Date Rcvd: Jun 03, 2021     Form ID: pdf900     Total Noticed: 2

m

David A. Scott
    on behalf of Creditor Nissan Motor Acceptance Corporation scott@lg-law.com

David W. Raphael
    on behalf of Creditor Dollar Bank  FSB raphaeld@fnb-corp.com

Jeremy J Kobeski
    on behalf of Creditor Dollar Bank  FSB jkobeski@grenenbirsic.com, mcupec@grenenbirsic.com

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

S. James Wallace
    on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  Equitablebankruptcy@peoples-gas.com

Shawn N. Wright
    on behalf of Creditor David Wetmore shawn@shawnwrightlaw.com
    wrightshawn@hotmail.com;wrightshawn49@gmail.com;wrightshawnecf@gmail.com;molly@shawnwrightlaw.com

TOTAL: 13